Dear Representative McIntyre,
The Attorney general has received your request for an opinion wherein you asked, in substance, the following question:
"Does an At-Large System of electing public officials, as opposed to adistrict or ward basis, deprive certain minorities of an opportunity tohave elected representatives in local government in violation of the 14thAmendment?"
The fundamental principle of representative government was set forth in Dusch v. Davis, 387 U.S. 112, 18, L.Ed.2d 656, 87 S.Ct. 1554 (1967) as being:
 ". . . one of equal representation for equal numbers of people, without regard to race, sex, economic status, or place of residence within a State." 387 U.S. at 115.
In Vollin v. Kimbel, 519 F.2d 790 (4th Cir. 1975) the Fourth Circuit Court of Appeals held that an at-large electoral plan is not per se unconstitutional. More recently, Bolden v. City of Mobile, Alabama,571 F.2d 238, 244 (5th Cir. 1978) stated:
 "City-wide representation is a legitimate interest, and at-large districting is ordinarily an acceptable means of preserving that interest."
A constitutional attack must be based on findings in a particular case that a voting plan in fact operates impermissibly to dilute the voting strength of an identifiable element of the voting population. City of Richmond v. United States, 422 U.S. 358, 45 L.Ed.2d 245, 95 S.Ct. 2296
(1975); City of St. Petersburg v. United States, 354 F. Supp. 1021 (D.C. 1972). A theoretical presumption of discrimination is insufficient. Dallas County, Alabama v. Reece, 421 U.S. 477, 44 L.Ed.2d 312,95 S.Ct. 1706 (1976).
It is, therefore, the opinion of the Attorney General that youropinion request presents a question of fact which we are unable toanswer.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
TIMOTHY S. FRETS, ASSISTANT ATTORNEY GENERAL